UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 09-cr-186-pp

FELICIA MCCOATS,

    Defendant.

---

**ORDER DENYING THE DEFENDANT'S THIRD MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 1096)**

---

### I. Introduction

The defendant entered a guilty plea to a single-count information charging conspiracy to distribute five kilograms or more of powder cocaine, fifty grams or more of cocaine base, heroin, marijuana and oxycodone. Dkt. No. 494 at 2. The crime to which she pled guilty carried a minimum term of imprisonment of ten years; the government, however, agreed not to object to the application of 18 U.S.C. §3553(f), the safety valve provision. Id. at 4, 6. On May 27, 2011, Judge Charles N. Clevert, Jr. sentenced the defendant to twenty-four months imprisonment and a five-year term of supervised release. Dkt. No. 771. The defendant began her supervised release term on May 9, 2013, and is scheduled to discharge on May 8, 2018. Dkt. No. 1098. Twice, this court has denied the defendant's request for early termination of supervised release. Dkt. Nos. 1082, 1091. She recently renewed her request,

1

citing many of the same reasons she provided in her prior requests. Dkt. No. 1096. Without any new, unforeseen or exceptional circumstances warranting early termination, the court will deny the request. See generally United States v. O'Hara, 2011 WL 4356322 at *3 (E.D. Wis. Sept. 16, 2011).

**II. Analysis**

    A.    <u>Standard of Review Governing Early Termination of Supervised Release</u>

A district court may grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice warrant the court doing so. 18 U.S.C. §3583(e)(1). The Seventh Circuit does not require a court to make explicit findings as to each of the §3553(a) factors, but the record must show that the court gave consideration to the factors. United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011). The defendant carries the burden of proving that she has done more than just follow the rules. O'Hara, 2011 WL 4356322, at *3 (citing United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2011)). Courts have tended to grant early termination where the defendant demonstrates that new or unforeseen circumstances make the original term greater than necessary, that her behavior has been exceptionally good or that continued supervision may impede her rehabilitation. Id.

    B.    <u>Defendant's Third Request</u>

In her third request, the defendant references her clean record in prison and her compliance on supervised release. She remains employed with SEIU Healthcare Wisconsin, volunteers in the community, serves on several committees and has taken steps to become a certified nursing assistant. The defendant previously informed the court that she was working on a committee for the NAACP and had the opportunity to travel to Washington D.C. to talk with legislators about the Affordable Care Act. Dkt. No. 1086 at 1.

The government and probation continue to object to early termination. The government cites the seriousness of the crimes she pled guilty to, her criminal history, her citation for theft in 2015 and the absence of exceptional circumstances that would warrant early termination. The probation department responds that, while the defendant's efforts as a political activist and volunteer in her community are commendable, these are not circumstances that the court should consider exceptional or extraordinary.

The court applauds the defendant for her compliance while on supervised release and her efforts to give back to the community through volunteering and advocating on behalf of others—just as it has done in response to her previous requests. But she hasn't pointed to anything new or different. Nothing in the defendant's most recent motion warrants early termination or otherwise persuades the court that completing the term of supervised release (six more months) would pose an undue hardship to her. In her first request, the defendant told the court that she wanted to visit her incarcerated children without asking permission from her probation officer to

3

travel outside of the district. Dkt. No. 1079. In its May 16, 2016 order, the court explained that supervised release is not supposed to be easy, and that the defendant would be able to continue all of her activities even if the conditions of release made things inconvenient. Dkt. No. 1082 at 3-4. In the absence of any new or changed circumstances, and having considered the underlying offense and other §3553(a) factors, the court does not believe it is appropriate to terminate the defendant's supervised release prior to her discharge date.

**III. Conclusion**

The court **DENIES** the defendant's motion for early termination of supervised release. Dkt. No. 1096.

Dated in Milwaukee, Wisconsin this 5th day of December, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**